IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorney for Plaintiff RICHARD HENDERSON-THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HENDERSON-THOMAS,<br><br>                 Plaintiff,<br><br>    vs.<br><br>AKAL ENTERPRISES, INC., dba KING 17 FOOD STORE; JOHN EN-HONG SHEN; and JANG LAN SHEN,<br><br>                 Defendants. | **Case No.** 26-cv-1449<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

RICHARD HENDERSON-THOMAS ("Plaintiff") complains against

AKAL ENTERPRISES, INC., dba KING 17 FOOD STORE; JOHN EN-HONG

SHEN; and JANG LAN SHEN (collectively, "Defendants"), as follows:

COMPLAINT FOR INJUNCTIVE RELIEF

1

**<u>INTRODUCTION</u>**

1.     This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex located at 6522 Stanton Ave, Buena Park, CA 90621, known as "King 17 Food Store" or "17 Food Store" (hereinafter, "17 Food Store").

2.     On November 18, 2025, Defendants denied Plaintiff, a person with a disability who uses a wheelchair for mobility, full and equal access to the 17 Food Store because it was inaccessible to wheelchair users, including, but not limited to, the absence of properly maintained and sufficiently wide accessible path of travel that would allow Plaintiff to safely and comfortably navigate the premises.

3.     Defendants' failure to provide accessible features and amenities that are provided to non-disabled patrons contravenes the "full and equal" access mandate of Title III of the Americans with Disabilities Act of 1990.

4.     Plaintiff seeks injunctive relief to ensure full and equal access. Plaintiff is also seeking a reimbursement of reasonable statutory attorney's fees, litigation expenses, and costs, as provided for by federal statute.

**<u>JURISDICTION AND VENUE</u>**

5.     Plaintiff brings this action as a private attorney general pursuant to 42 U.S.C. § 12188 having been personally subjected to discrimination on the basis of his disability. These provisions expressly authorize private individuals to seek injunctive relief to enforce the public rights guaranteed under Title III of the Americans with Disabilities Act.

6.     This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

**<u>PARTIES</u>**

8.     In 2016, Plaintiff was involved in a severe motorcycle accident that resulted in permanent physical impairments. As a consequence of the accident, Plaintiff lost sensation in his left leg and developed drop foot, conditions that were later exacerbated by a fractured left femur. These impairments have substantially limited Plaintiff's ability to walk, and he now relies on a wheelchair for mobility. Plaintiff has been issued a permanent disabled parking placard by the State of California. At all relevant times, Plaintiff has resided in, and continues to reside in, Anaheim, California, approximately three and a half miles from the subject premises.

9.     Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings relevant to this Complaint.

10.     Defendants failed to implement and maintain adequate policies, practices, and procedures necessary to ensure that their facilities, products, and services were readily accessible to individuals with physical disabilities, including Plaintiff. This lack of proactive compliance with federal accessibility laws directly contributed to the barriers, ongoing issues, and harms described in this complaint.

11.     Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their

managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

12.    On November 18, 2025, Plaintiff went to the 17 Food Store to purchase snacks and drinks. At first, Plaintiff was able to navigate the first aisle, and the rear connecting aisle. However, when Plaintiff attempted to enter the center aisles to look for snacks and other items, Plaintiff realized the store was not as accessible as initially believed.

13.    As Plaintiff entered one of the middle aisles in his wheelchair, Plaintiff encountered a structural pole positioned within the aisle that made passage extremely difficult. Plaintiff had to scrape past the pole just to continue through the aisle. When Plaintiff attempted to exit that same aisle, Plaintiff became stuck and had to push a front shelf aside in order to get out. Because the shelf had been moved, Plaintiff was then unable to enter the adjacent aisle. When Plaintiff attempted to reposition the shelf back to its original location, one of the shelf layers broke.

14.    The entire experience was humiliating and embarrassing. Plaintiff was forced to struggle simply to access merchandise and view pricing on items Plaintiff was interested in purchasing. While Plaintiff was attempting to fix the shelf, the store clerk approached and stated that Plaintiff would not be able to fit down the aisle. That interaction further added to Plaintiff's embarrassment and made Plaintiff feel singled out because of his disability.

15.    Plaintiff then attempted to locate his preferred drinks and snacks, only to discover that another aisle was obstructed by drinks stacked in the middle of the pathway, preventing access to the candy section. Fortunately, Plaintiff's brother was present and able to retrieve the candy items Plaintiff wanted. After making their purchase, they left the store.

16.    Plaintiff would like to return to the 17 Food Store in the future because of its

location and the goods offered for sale there, including snacks and beverages that Plaintiff enjoys purchasing. However, Plaintiff is currently deterred from returning due to the accessibility barriers encountered during the November 18, 2025 visit.

17.     Plaintiff will return to the store once the accessibility barriers are removed and the facility is made fully accessible to Plaintiff.

18.     Prior to filing this action, and as part of counsel's pre-suit due diligence investigation, Plaintiff's counsel retained a third party to conduct a sub rosa inspection of the subject premises, including obtaining measurements and documenting the accessibility barriers encountered by Plaintiff. During an inspection conducted on March 16, 2026, the investigator confirmed the existence of the barriers described herein. Specifically, with respect to the interior path of travel, the inspection revealed aisles measuring 24 to 28 inches in width, which restricted wheelchair access and maneuverability.

19.     As part of the pre-suit investigation, Plaintiff's counsel also consulted with a Certified Access Specialist ("CASp") regarding the applicable accessibility standards and conditions present at the subject property. Based on the investigation, inspection, and CASp consultation, the subject premises contain barriers to access related to Plaintiff's disabilities, including, but not limited to, the following:

1) No Path of travel from public sidewalk.

2) Interior aisles are not at least 36" wide.

3) Turns at end of aisles are not at least 48" wide.

4) Front door on pull side has landing over 2% slope.

5) Front door landing has gaps over 1/2".

6) Parking access aisle is faded.

7) At parking, transition from curb ramp to parking surface is a tripping hazard.

8) Door ajar is reducing the size of the curb ramp from parking top landing.

20. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

21. Defendants were aware or reasonably should have been aware that certain aspects of their establishment and their policies made the 17 Food Store inaccessible, constituting a violation of federal laws and hindering or denying access to individuals with mobility impairments.

22. On information and belief, Defendants possess the necessary financial means to eliminate these obstacles and make the 17 Food Store accessible to people with physical disabilities. But Defendants have not taken action to remove these barriers or to ensure full and equal access to the facility.

23. As a result of Defendants' actions and omissions, Plaintiff has suffered a violation of civil rights, and denial of full and equal access to the subject public accommodation. Plaintiff has retained counsel and now seeks statutory attorney's fees, litigation expenses, and costs under federal law.

24. Plaintiff's goal in this suit is to make the 17 Food Store fully accessible to persons with similar mobility disabilities.

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

25. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

26. Title III of the ADA holds as a "general rule" that no individual shall be

COMPLAINT FOR INJUNCTIVE RELIEF

6

discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

27.    Here, 17 Food Store is a public accommodation as defined by 42 U.S.C. § 12181(7)(E) and Plaintiff is a person with physical disabilities.

28.    Defendants discriminated against Plaintiff by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges, or accommodations of 17 Food Store.

Failure to Remove Architectural Barriers in an Existing Facility

29.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

30.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

31.    Removal of the accessibility barriers identified at 17 Food Store is readily achievable within the meaning of the ADA because the required modifications are limited in scope, technically feasible, and can be accomplished without significant difficulty or expense. The corrective measures primarily involve routine maintenance, minor construction, restriping, surface repairs, and reconfiguration of existing elements, including providing a compliant accessible route from the public sidewalk, widening interior aisles through rearrangement of shelving, creating adequate turning space at aisle ends, repainting faded parking markings, repairing

uneven transitions, adjusting door swing and landing conditions, and correcting excessive slopes and surface gaps.

32.    These modifications do not require substantial structural alterations or fundamental changes to the nature of Defendants' business operations. Moreover, the costs associated with these corrective measures are modest when compared to the significant benefit achieved by providing safe and equal access to individuals with mobility disabilities, including wheelchair users such as Plaintiff. The removal of these barriers would improve access to the facility, reduce safety hazards, increase usability for disabled patrons, and ensure compliance with applicable accessibility standards, all while preserving Defendants' continued use and operation of the property. Accordingly, the anticipated expense and effort associated with barrier removal are outweighed by the substantial benefits of providing equal access to the public.

33.    In the alternative, if it was not "readily achievable" for Defendants to remove the barriers, then Defendant violated the ADA by failing to make the required services available through alternative readily achievable methods.

<u>Failure to Make an Altered Facility Accessible</u>

34.    On information and belief, 17 Food Store was altered after January 26, 1992, independently triggering access requirements under the ADA.

35.    The ADA requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

36.    Here, Defendants altered 17 Food Store in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff,

to the maximum extent feasible.

37.    Plaintiff seeks all relief available under the ADA *i.e.*, injunctive relief, attorneys' fees, costs, and expenses. 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF:

Plaintiff prays that this Court:

1.    Issue a preliminary and permanent injunction compelling Defendants, in their capacities as the current owners, operators, lessors, and/or lessees of the subject property, premises, and related facilities, to undertake such modifications as are necessary to bring said property, premises, and facilities into compliance with applicable accessibility requirements so as to provide full and equal access to individuals with physical disabilities; and further enjoining Defendants to provide, *maintain*, and operate said facilities in a condition that ensures ongoing usability by Plaintiff and all similarly situated persons with disabilities, as mandated by law.

2.    Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, and maintenance of inaccessible public accommodations as complained of herein no longer occur, and cannot recur;

3.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law; and

4.    Grant such other and further relief as this Court may deem just and proper.

Date: June 5, 2026                        */s/ Irakli Karbelashvili*
                                          By IRAKLI KARBELASHVILI
                                          Attorney for Plaintiff
                                          RICHARD HENDERSON-THOMAS

COMPLAINT FOR INJUNCTIVE RELIEF

9